The Chancellor.
The complainants, as the executors of Abraham Huyler, deceased, offered for sale the homestead of their testator at public auction. The property was struck off to the defendants, as the highest bidders, for the sum of six thousand three hundred dollars. They refuse to comply with the terms of sale, on the ground that the executors have not power, under the will, to sell the property.' The bill is filed to compel a specific performance. The defendants are not dissatisfied with their purchase; hut being advised by counsel that there are doubts as to the power of sale, this suit has been instituted, by mutual consent, to obtain a judicial construction upon the will, as to the power of the executors to make sale of the property.
The testator, after ordering his debts and funeral expenses to he paid, makes the following devise and bequest to his wife: Second. I give and devise to my beloved wife Phroanna the use of the homestead, to consist of four acres, whereon I now reside, as long as she remains my widow. I also give to her one half of the income of my estate, both real and personal, as long as she remains my widow; but should she marry, she then shall have one-third of the proceeds of my estate, both real and personal, to her own and separate use, and not at .the control of her husband. I also give to my said wife Phroanna such of my household furniture as she brought to me at my marriage, and also such of my household furniture as she may choose.”
The testator then makes a bequest to the Eeformed Hutch Church in the county of Bergen; then bequests to three of his nieces. The next item in his will is as follows : “ Fifth. It is my will, and I do hereby authorize my executors to sell and dispose of all my lands, real es *408 tate, and personal property, not herein before disposed of, as soon after my decease as can conveniently be done; also, after the death of my wife, to sell and dispose of the homestead, with the four acres attached, being the same herein before devised to my wife during her said widowhood.” By the next item of his will, the testator disposes of all the residue and remainder of his property to his nieces and nephews.
On the first of March, 1856, the widow of the testator married. The executors insist that, upon her marriage, the will gives them power to sell the homestead. On behalf of the defendants, it is contended that the language of the fifth item of the will, “ also, after the death of my wife, to sell and dispose of the homestead, with the four acres attached, being the same herein before devised to my wife during her said widowhood,” is the only power conferred upon the executors to sell the homestead, and that the extent of this power is to sell after the death of his wife.
We are to look for the intention of the testator; and in ascertaining it, are not confined to the particular clause of the will, the proper construction of which is a matter of doubt and dispute. In the particular sentence, or clause, of the will, which has been referred to, there is a want of accuracy, which strikes us at once as showing that the language used does not convey the full meaning of the testator. He directs his executors to sell, after the death of his wife, the homestead, which he declares he had before devised to her "during her said widowhood.” How, it is true, he had devised the homestead to her during her widowhood, but he had devised it on differeut terms in reference to the fact, as to how that widowhood should be terminated. It appears to me, in using this language, the testator, at the moment, had in contemplation the death of his wife as his widow. The question arises, what -is to be done with this property, between the time of the marriage of his wife and her death, if she should see proper to terminate her widowhood by marriage. If death *409 terminates her widowhood, the testator expressly declares the executors shall sell the property, but he does not declare that they shall sell it at the termination of her said widowhood, if that widowhood is terminated otherwise than by her death. ¥e must then, from necessity, look at other portions of the will to ascertain the disposition of this property after the marriage of his wife, and before her death; and if, from the will, we can find that such a disposition is made of it as will imply a power in the executors to sell it at her marriage, or can find an express power to that effect, there is certainly nothing in the particular clause referred to, so emphatic, as necessarily limits the power to a sale at her death, or prevents the executors from exercising a power of sale resulting by implication.
Let us examine, then, more critically the other provisions of the will. The testator gives to his widow the use of his homestead, “as long as she shall remain my widow,” and one half of the income of his estate, both real and personal, “as long as she remains my widow;” hut he declares, should she marry, she then shall have one-third of the proceeds of his estate, both real and personal. A question is made as to the true meaning of the word proceeds, as it is here used by the testator. On behalf of the complainants, it is contended that it means one-third of the testator’s whole estate, real and personal. This is the natural import and meaning of the word, and that construction must be given to it, unless there is something in the will to indicate that the testator intended to use it in a more limited sense, and to attach to it a different signification. The only reason suggested for giving to the word ‘■’■proceeds” other than its natural meaning is this, that the wife of the testator gets more of his property by getting married than by remaining his wfidow. In answer to this, it is sufficient to say, that in no part of the will does the testator manifest any disposition to put any restraint upon his wife, as to her getting *410 married. But besides this, there is a very strong circumstance exhibited, in the same sentence, to show the intention of the testator to use the word according to its natural and popular meaning. If she remains his widow, he gives her the use of the homestead, and the income of one half of his estate. If she marries, he gives her one half — not of the income, but of the proceeds of his estates both real and personal, to her own and separate use. Here it is evident that the testator, when he meant to give his wife, not the property, or its proceeds, but the income of it, knew by what word to express his meaning; it is but a fair inference, when in the next line of his will, in giving to her a different portion of his property, under different circumstances, he used the word proceeds, that he did not mean by the word proceeds the same thing as he had before expressed by the word income.
. The construction given to the word proceeds has a bearing upon the question in controversy. If the testator’s wife married, she was to have one-third of the proceeds of the estate, both real and personal. This, it is admitted, included one-third of the proceeds of the homestead. If power is given, in the will, to sell the homestead upon her marriage, then there is no difficulty of her getting one-third of the proceeds. But if no power is given to the executors to sell upon her marriage, and if, when the testator gave to the executors power to sell at her death, he meant to exclude the power to sell at her marriage, and to show that he had in his mind, and intended to make a difference, as to the power of sale, in reference to the fact, whether his wife terminated her widowhood by marriage or by death, then the widow never could get one-third of the proceeds of the homestead. If the executors have no power to sell the property upon the marriage of his wife, and if the testator, when he directed them to sell after the death of his wife, meant that no sale should take place before her death, he defeats the very object of his devise to her; for if the property is not to be sold un *411 til her death, she can get no portion of the proceeds. But the testator meant she should have one-third of the proceeds, and should enjoy it; for he declares she shall have it “ to her own and separate use, and not at the control of her husband.”
Again. The power of sale is to his executors, “ to sell and dispose of ail my lauds, real estate, and, personal property, not herein before disposed of as soon after my decease as can conveniently be done.” Here is a power expressly given to sell the homestead upon the marriage, or death, of his wife. It was to sell all his real estate not in his will before disposed of. No disposition having before been made of the homestead, after Iho marriage or death of his wife, a sale of it, in either event, was embraced in the very language which conferred the power. The power was express, and beyond dispute. This power, thus conferred, if afterwards taken away, is taken away by implication only. When the testator follows the power conferred by the declaration, “ also, after the death of my wife, to sell and dispose of the homestead, with the four acres attached, being the same herein before devised to my wife during her said widowhood,” if he takes from the executors the express power before given them to sell the same property upon her marriage, it is done by implication only, and, because he expressly declares that the executors shall sell the homestead after the death of his wife, it is to be inferred that he did not mean they should sell it in any event until her death. I think such an implication is to be rejected, because it defeats the general intention of the testator running through the whole will.
It is manifest the testator intended to dispose of his whole property. He intended to have it all divided by his executors, and for that purpose he ordered them to sell it all, both real and personal, and distribute the proceeds. He did not mean that any of his property should remain in the hands of his executors to be disposed of at a future period. By the construction contended for on behalf of *412 the defendants, both these intentions, so manifest in the will, from its beginning to its end, are defeated; for, by that construction, the testator dies intestate as to his homestead between the marriage and death of his widow, and he leaves, by implication, the charge and care of that property to his executors during that period. And, as I before remarked, such a construction deprives his wife of the benefit of the devise to her of the proceeds of the homestead.
All the difficulty that has arisen in the construction of this will has been from a want of accuracy in the testator’s expressing his intention — an intention which, I think, is very clear, upon a careful examination and consideration of the whole will. There is an anxiety manifested, throughout the will, that the estate should be distributed promptly, and for this purpose power is conferred upon the executors to sell all the property, real and personal. Now, it very naturally occurred to the testator, as he was giving this power, that there was one piece of property which had been specifically devised. It occurred to him that he had expressly declared that, if his wife married, she should have one-third of the proceeds of that property, and as he had directed his executors to sell all his real and personal property, he had said all that was necessary for the purpose of having his intention carried out in reference to the disposition of this property, if his wife should marry. But then, if she did not marry, that property would remain still undisposed of; and it was very natural that the question should occur to a plain man, as to what should be done with the property after the wife’s death; and for the purpose only of being more explicit on that point, and without intending to limit any power before conferred, or to alter any devise before made, he added the clause which has created the doubt, or difficulty, suggested.
The testator intended all his property to be distributed as soon as practicable, and to accomplish this, he gave his *413 executors power to sell all his property, real and personal. It was to carry out that intention more fully, that the power was given which, it is insisted, limits the power previously given. This construction defeats the intention of the testator, and should not therefore be adopted.
I am of opinion that the complainants have power to sell, and that they are entitled to a decree.